UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**ROBIN PARKS, BRITTANY FREEMAN, KRISSY BELL, JASMINE DUCKETT and LISA HARPER, on their own behalf and on behalf of others similarly situated,**

    **Plaintiffs,**

vs.

**MRB, Inc., a Georgia for profit corporation,**

    **Defendant.**     /

**CASE NO.:**

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

Plaintiffs, ROBIN PARKS, BRITTANY FREEMAN, KRISSY BELL, JASMINE DUCKETT and LISA HARPER, on their own behalf and on behalf of those similarly situated ("Plaintiffs"), were employees of Defendant, MRB, Inc., a Georgia for profit corporation ("Defendant"), and brings this action for recovery of tip income, unpaid hourly compensation, unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et. al., (the "FLSA").

# I. NATURE OF SUIT

This action is brought under the FLSA to recover from Defendant tip income improperly taken from Plaintiffs, unpaid wages, unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## 1.

Defendant has owned and operated several retail business establishments for no less than eight (8) years in the State of Georgia.

## 2.

In an effort to reduce labor costs, Defendant has engaged in the following illegal business practices: requiring employees to "share" tip income with Defendant in the absence of a valid tip pooling or sharing arrangement; requiring employees to be financially responsible for alleged "liquor shortages," cash register shortages and overages, and customer "walk outs" in violation of the law; failing to pay employees for all hours worked; and failing to pay employees for overtime hours worked.

## 3.

This action is intended to incorporate FLSA claims for each and every similarly situated employee who has worked for the Defendant at any time within the past three (3) years.

## II. PARTIES

### 4.

Plaintiffs were tipped employee of the Defendant, and worked for the Defendant in Atlanta, Fulton County, Georgia.

### 5.

At all times material to this action, MRB, Inc. was, and continues to be, a Georgia for profit corporation. Further, at all times material hereto, MRB, Inc. was and continues to be engaged in business in Atlanta, Fulton County, Georgia.

## III. JURISDICTION

### 6.

This Court has jurisdiction over Plaintiffs claims pursuant to 28 U.S.C. §1337 and the FLSA.

### 7.

The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## IV. COVERAGE

### 8.

At all times material hereto (2011-2014), Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

9.

At all times material to this action, Plaintiffs were " tipped employees" of Defendant within the meaning of the FLSA.

10.

At all times material to this action, Defendant was Plaintiffs' "employer" within the meaning of the FLSA.

11.

Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

12.

At all times material to this action, Defendant MRB, Inc. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13.

Based upon information and belief, the annual gross revenue of Defendant MRB, Inc. has been in excess of $500,000.00 per annum during all relevant time periods.

14.

At all material times, Plaintiffs were "engaged in commerce" and subject to the individual protections of the FLSA.

15.

At all material times (2011-2014), Defendant has had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person (plates, cups, cash registers, tables, food and beverage products). The work performed by the Plaintiffs was directly essential to the business performed by Defendant.

## V. FACTUAL ALLEGATIONS

### 16.

Plaintiffs were employed as bartenders for Defendant during varying respective time periods from approximately January of 2005 through March of 2014. During these time periods, Plaintiffs worked for Defendant at no less than three (3) separate business establishments owned and operated by Defendant, to-wit: Club Ritz, Fifty Yard Line, and Grown Folks.

### 17.

Plaintiffs' job duties included, but were not limited to, serving Defendant's customers alcoholic beverages and performing any and all other related duties involved in the regular and customary duties of a bartender.

18.

During the time period at issue (2011-2014), Defendant paid Plaintiffs a regular wage of $7.25 per hour.

19.

In addition to the receipt of hourly wages being paid by Defendant, Plaintiffs were routinely tipped in cash by Defendant's customers in appreciation for services rendered.

20.

At the end of each and every work shift, Plaintiffs were required by Defendant to pay Defendant (directly out of tip income received by Plaintiffs) the sum of $4.00 in cash for every hour worked during each shift. For example, upon completion of an eight (8) hour shift, Defendant would require that Plaintiffs pay it the cash sum of $32.00, out of tips earned, at the end of such shift. These payments were improperly characterized as "tip pool" money by Defendant and, in reality, constitute illegal kickbacks to the Defendant.

21.

Defendant, by requiring Plaintiffs to pay Defendant tip income in the sum of $4.00 for each shift hour worked, violated the FLSA as Plaintiffs' tips may not be

retained by an employer, and as Defendant is not an employee who customarily and regularly receives tips.

22.

Either at the end of each work shift or at the beginning of the next shift worked thereafter, Plaintiffs were required by Defendant to pay Defendant for purported "liquor shortages." These deductions, payable to Defendant in cash, resulted in Plaintiffs' weekly pay occasionally falling below the minimum wage, in violation of the FLSA.

23.

Defendant employed a policy whereby Plaintiffs were financially responsible for customer walkouts, and the deduction in Plaintiffs' wages for such walkouts resulted in Plaintiffs' weekly wages occasionally falling below the minimum wage, in violation of the FLSA.

24.

Defendant employed a policy whereby Plaintiffs were financially responsible for cash register shortages and overages (Plaintiffs were required to pay the Defendant a sum equal to twice the shortage or overage in the event a shortage or overage exceeded $5.00 per shift), and the deduction in Plaintiffs'

wages for such shortages and overages resulted in Plaintiffs' weekly wages occasionally falling below the minimum wage, in violation of the FLSA.

25.

Defendant employed a policy whereby Plaintiffs were required to clock out by no later than 4:30 a.m., even on those occasions where Plaintiffs continued to work for Defendant beyond 4:30 a.m. Plaintiffs' failure to clock out by 4:30 a.m. would result in Defendant penalizing Plaintiffs by giving them credit for having worked only until 4:00 a.m. on any such day, and regardless of how long Plaintiffs may have actually worked on such day. This policy resulted in Plaintiffs not being paid all hours worked in violation of the FLSA

26.

Despite Plaintiffs working more than forty (40) hours on many weeks, Defendant failed to pay Plaintiffs and those similarly situated overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty in a workweek.  Plaintiffs, and those similarly situated, should be compensated at the rate of one and one-half times its regular rate of pay for those hours worked in excess of forty (40) hours per workweek, as required by the FLSA.

27.

Upon information and belief, the majority of Plaintiffs' pay and time records are in the possession of Defendant.

## VI. COLLECTIVE ACTION ALLEGATIONS

### 28.

Plaintiffs and the potential class members in this action were/are subjected to identical pay policies employed by Defendant, and therefore Defendant owes all such additional future plaintiffs the following: all tips illegally taken by the Defendant; all unpaid time worked as a consequence of Defendant's mandatory clock-out policy; and all wages owed due to the failure of the Defendant to pay the legally required minimum wage for all weeks worked as a result of Defendant's customer walkout, liquor shortage and cash shortage/overage policies.

29.

The additional persons who may become plaintiffs in this action held/hold similar positions to Plaintiffs, and Defendant owes such additional persons for all time worked in excess of forty (40) hours during one or more workweeks during the relevant time periods, and for which such additional persons did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours in a workweek.

30.

The policies and practices of the Defendant which resulted in the illegal taking of tips, the failure to pay for all hours worked, the failure to pay minimum wage due to alleged shortages and overages and its customer walkout policy, and the non-payment of overtime to Plaintiffs applies to all class members. Accordingly, the class members are properly defined as:

**All tipped employees who worked for Defendant within the last three years whose tips were partially claimed by Defendant.**

**31.**

Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of improperly taking portions of Plaintiffs' tips, failing to pay Plaintiffs for all hours worked, failing to pay Plaintiffs at minimum wage for all weeks worked per its customer walkout and shortage and overage policies, and failing to pay overtime compensation with respect to Plaintiffs and the class members.

32.

Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*,

(c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

33.

During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2) of the FLSA by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

34.

Defendant has acted willfully in failing to pay Plaintiffs and the class members in accordance with the law.

## COUNT I – RECOVERY OF MINIMUM WAGES

## ( 29 USC § 206(a))

35.

Plaintiffs reincorporate and readopt all averments set forth in paragraphs 1 through 34 above, as if fully set forth herein.

36.

Plaintiffs are entitled to the recovery of all tip income wrongfully taken by Defendant. This includes, but is not necessarily limited to, tip income in the sum of $4.00 per shift hour worked by Plaintiffs that was taken directly from Plaintiffs' tip income by the Defendant.

37.

Defendant intentionally, willfully and knowingly took tips rightfully belonging to Plaintiffs in violation of 29 USC §203(m) and 29 CFR §§531.52 and 531.54.

38.

Because of Defendant's willful violation of the FLSA, Plaintiffs are entitled to recover tip income illegally taken as a kickback by Defendant, an equal amount in liquidated damages, and reasonable attorney's fees and costs of this action, including pre-judgment interest, pursuant to the FLSA, all in an amount to be determined at trial. 29 USC §216(b).

39.

Defendant intentionally, willfully, and knowingly failed to compensate Plaintiffs the applicable minimum hourly wage in violation of 29 USC §206(a).

40.

Because of Defendant's willful violation of the FLSA, Plaintiffs are entitled to recover tip income illegally taken, an equal amount in liquidated damages, and reasonable attorney's fees and costs of this action, including pre-judgment interest, pursuant to the FLSA, all in an amount to be determined at trial. 29 USC §216(b).

WHEREFORE, Plaintiffs, and all other similarly situated employees, demand judgment against Defendant for:

a.      Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

b.      The payment of all tip income illegally taken from Plaintiffs and all similarly situated employees;

c.      The payment of all wages owed to Plaintiffs and all similarly situated employees as a result of Defendant's violations of the FLSA arising from its various policies and procedures described herein;

d.      Liquidated damages;

e.      Reasonable attorneys' fees and costs incurred in this action;

f.      Pre- and post-judgment interest as provided by law;

g.    Trial by jury on all issues so triable; and

h.    Any and all further relief that this Court determines to be appropriate.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION

### 41.

Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-34 above.

### 42.

Defendant intentionally, willfully, and knowingly failed to pay Plaintiffs' overtime pay at a rate of one and one-half times the regular rate for hors worked in excess of forth (40) hours a week, in violation of 29 USC §207(a)(1).

### 43.

Because of Defendant's willful violation of the FLSA, Plaintiffs are entitled to recover tip income illegally taken, an equal amount in liquidated damages, and reasonable attorney's fees and costs of this action, including pre-judgment interest, pursuant to the FLSA, all in an amount to be determined at trial. 29 USC §216(b) above.

WHEREFORE, Plaintiffs, and all other similarly situated employees, demand judgment against Defendant for:

a.     Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

b.     The payment of all tip income illegally taken from Plaintiffs and all similarly situated employees;

c.     The payment of all wages owed to Plaintiffs and all similarly situated employees as a result of Defendant's violations of the FLSA arising from its various policies and procedures described herein;

d.     The payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by Plaintiffs and all similarly situated employees and for which Defendant failed to pay pursuant to the FLSA;

e.     Liquidated damages;

f.     Reasonable attorneys' fees and costs incurred in this action;

g.     Pre- and post-judgment interest as provided by law;

h.     Trial by jury on all issues so triable; and

i.     Any and all further relief that this Court determines to be appropriate.

## COUNT III - DECLARATORY RELIEF

44.

Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-34 above.

45.

Plaintiffs and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

46.

The Court also has jurisdiction to hear Plaintiffs' requests for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

47.

Plaintiffs may obtain declaratory relief.

48.

Defendant MRB, Inc. was Plaintiffs' employer.

49.

Plaintiffs were each individually covered by the FLSA.

50.

Plaintiffs were each individually entitled to overtime compensation pursuant

to 29 U.S.C. §207(a)(1).

51.

Defendant did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

52.

Defendant did not rely on a good faith defense in their failure to abide by the provisions of the FLSA.

53.

Plaintiffs are entitled to an equal amount of liquidated damages.

54.

It is in the public interest to have these declarations of rights recorded.

55.

Plaintiffs' declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

56.

The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs and all other similarly situated employees respectfully request that judgment be entered against Defendant as follows:

a.       Declaring, pursuant to 28 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b.       Awarding overtime compensation in the amount due for time worked in excess of forty (40) hours per workweek;

c.       Awarding liquidated damages in an amount equal to the overtime award(s);

d.       Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.       Awarding pre-judgment interest; and

f.       Ordering any other further relief the Court deems just and proper.


## **JURY DEMAND**

Plaintiffs demands trial by jury on all issues as triable as a matter of right by jury.

Dated this ___19___ day of June, 2014.

Respectfully submitted,

Todd K. Maziar, Esq.
GABN: 479860
Morgan & Morgan, P.A.
191 Peachtree Street, NE, Suite 4200
P.O. Box 57007
Atlanta, GA 30343
Telephone: (404) 965-8811
Facsimile: (404) 720-3864
Email: tmaziar@forthepeople.com

C. Ryan Morgan, Esquire
GABN: 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com

**Attorneys for Plaintiffs**