UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBIN PARKS, KRISSY BELL, JASMINE DUCKETT and LISA HARPER, on their own behalf and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>MRB, Inc., a Georgia for profit corporation,<br><br>    Defendant.        / | CIVIL ACTION NO.:<br><br>1:14-CV-1996-LMM |

JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND MOTION TO DISMISS THE CASE WITH PREJUDICE
AND SUPPORTING MEMORANDUM OF LAW

Plaintiffs, ROBIN PARKS, KRISSY BELL, JASMINE DUCKETT and LISA HARPER, and Defendant, MRB, INC. a Georgia for profit corporation, (collectively the "Parties"), jointly move the Court to approve the Parties' proposed settlement of this matter as it is a fair and reasonable compromise of a bona fide dispute. The Parties further request that the Court dismiss Plaintiffs' claims against MRB, Inc., with prejudice. The grounds in support of this motion are set forth in the following memorandum of law.

# **MEMORANDUM OF LAW**

## I.  Background & Procedural History

On June 25, 2014, Plaintiffs filed a collective action complaint against Defendant, alleging entitlement to the recovery of tip income, unpaid hourly compensation, unpaid overtime compensation, liquidated damages, as well as declaratory relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

Plaintiffs were employed as bartenders at one or more of the various establishments owned and operated by Defendant from between June 2011 and March 2014. Plaintiffs were paid a regular hourly wage of $7.25, and earned tip income in addition to their hourly wages. At the close of every shift, Plaintiffs were required to pay back to Defendant $4.00 for every shift hour worked.  Defendant alternately classified these $4.00 per hour payments from Plaintiffs as "maintenance fees" and "pool money," although it is undisputed that there was no tip pool arrangement at Defendant's establishments. The $4.00 per hour maintenance fee/pool money was paid out of Plaintiffs' tip money. Plaintiffs also alleged in their complaint that Defendant did not properly compensate them for all hours worked, and failed to pay them time-and-a-half in overtime compensation for those weeks where they worked more than 40 hours as required by the FLSA.

Defendant denied the allegations set forth in Plaintiffs' complaint in its timely filed answer. Defendant contended that the deductions were mad only if Plaintiffs made more than minimum wage.

Counsel for Defendant took depositions of all the Plaintiffs named above. Plaintiffs' counsel took the depositions of the president of the Defendant corporation as well as the Defendant's general manager. Defendant produced extensive business records in response to Plaintiffs' requests for production. Following the close of discovery, Defendant filed a Motion for Summary Judgment on March 30, 2015. In its motion, Defendant claimed that it was entitled to summary judgment on all FLSA claims, alleging that: (1) Plaintiffs received the minimum wage for all hours worked; (2) Plaintiffs presented no evidence that Defendant failed to pay for overtime worked; and (3) that Defendant had acted in good faith in its effort to comply with the FLSA, and therefore a two-year rather than a three-year statute of limitations should apply and liquidated damages should not be imposed. In response to the Defendant's motion, Plaintiffs abandoned their claim for overtime compensation and, as such, Defendant's motion was granted with respect to Plaintiffs' unpaid overtime compensation claims. The remainder of Defendant's Motion for Summary Judgment was denied, thus saving all other issues raised therein for jury determination.

The Parties now seek approval of the settlement agreement that is attached as Exhibit A.

## II. Legal Principles

Litigants are required to seek court approval of a private settlement of an overtime claim arising under the FLSA. *Lynn's Food Stores, Inc. v. United States Dep't of Labor,* 679 F.2d 1350, 1352-53 (11th Cir. 1982). Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, Section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food Stores, Inc.,* 679 F.2d at 1353. Secondly, in the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id., see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 113 n. 8 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947).

In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354. Applying these legal principles to the case at bar, it is respectfully submitted that Court approval of the settlement referenced herein is warranted.

### a. The settlement is a fair and reasonable compromise.

The compromise between the Parties as reflected in Exhibit A is a fair and reasonable resolution of Plaintiffs' contested claims in this case. MRB, Inc. has agreed to settle all claims raised by Plaintiffs by paying the sum total of $50,000.00, to be paid in installments as follows:

(1) Twelve (12) checks in the amount of $1,349.51, made payable to Robin Parks, [totaling $16,194.12], minus applicable taxes and

withholdings, in compromise of Parks's contested claims for unpaid wages and liquidated damages;

(2) Eleven (11) checks in the amount of $333.54, made payable to Krissy Bell, minus applicable taxes and withholdings, and one final twelfth (12th) check made payable to Bell in the amount of $333.53, [totaling $4,002.47], minus applicable taxes and withholdings, in compromise of Bell's contested claims for unpaid wages and liquidated damages;

(3) Eleven (11) checks in the amount of $377.08, made payable to Jasmine Duckett, minus applicable taxes and withholdings, and one final twelfth (12th) check made payable to Duckett in the amount of $377.10, [totaling $4,524.98] minus applicable taxes and withholdings, in compromise of Duckett's contested claims for unpaid wages and liquidated damages;

(4) Twelve (12) checks in the amount of $827.01, made payable to Lisa Harper, [totaling $9,924.12], minus applicable taxes and withholdings, in compromise of Harper's contested claims for unpaid wages and liquidated damages; and

(5) Eleven (11) checks in the amount of $1,279.52, made payable to Morgan & Morgan Atlanta PLLC, and one final twelfth (12th) check made payable to Morgan & Morgan Atlanta PLLC, in the amount of $1,279.59, [totaling $15,354.24], in compromise of Plaintiffs' claims for attorney's fees and expenses incurred pursuant to the legal services rendered by counsel for Plaintiffs in

connection with the claims brought in the above-captioned lawsuit.

The Parties reached this settlement after reflection of their respective legal positions on the issues in the case. The most significant issues centered around Plaintiffs' right and ability to prove, as a matter of law, that each would be entitled to the recovery of each and every $4.00 per hour maintenance fee/pool money payment made to Defendant from tip income (plus liquidated damages), and, alternatively, successfully proving that Plaintiffs were otherwise not paid the minimum wage for all hours worked as required by the FLSA.

Plaintiffs worked for the Defendant as bartenders. They were paid $7.25 per hour. During the applicable period of time at issue in the instant lawsuit, Plaintiffs also paid the Defendant $4.00 per hour in alleged maintenance fee/pool money for every hour worked out of their tip income. Plaintiffs calculated the monetary exposure that the Defendant would have to each Plaintiff if the Defendant was found to be liable to reimburse each Plaintiff for all of the $4.00 per hour payments, as follows:

Robin Parks: $9,969.00

Krissy Bell: $2,326.00

Jasmine Duckett: $1,687.00

Lisa Harper: $5,809.00

Plaintiffs also considered the Defendant's potential monetary liability in the event Defendant was found to have failed to pay the Plaintiffs the federal minimum wage as required by the FLSA, based upon each Plaintiff being paid $7.25 per hour, less the $4.00 per hour maintenance fee/pool money deduction, and then adding in the only existing records reflecting tip income (credit card tips only). Based upon these calculations for all pertinent hours worked, Plaintiffs calculated potential actual damages to be as follows:

Robin Parks: $5,554.00

Krissy Bell: $1,433.00

Jasmine Duckett: $2,192.00

Lisa Harper: $3,601.00

Plaintiffs considered and combined the potential *pro rata* monetary recoveries set forth above, and, based upon these estimated possible recoveries, it was determined that Robin Parks stood to recover approximately 46.5% of the calculated sums; Krissy Bell, 11.5%; Jasmine Duckett, 13%, and Lisa Harper, 28.5%. These percentages are reflected in the proposed monetary recoveries to be paid to the above-named Plaintiffs, after deduction for proposed attorney's fees and expenses.

The amounts to be paid to Plaintiffs reflect a fair compromise of the various disputed facts described. The settlement also reflects the Parties' weighing of the Plaintiffs' likely success on the merits.

> **b. The amount to be paid for Plaintiffs' attorneys' fees and costs is reasonable and was considered separately and apart from the settlement to be paid for Plaintiffs' substantive claims.**

Under the terms of the settlement reached between the parties, Plaintiffs' counsel will receive $15,354.24 for attorneys' fees and expenses [$12,500 in attorney's fees, and $2,854.31 in expenses]. This amount was negotiated separately from Plaintiffs' recovery. *See Bonetti v. Embarq Management Company,* 715 F.Supp.2d 1222,1228 (M.D.Fla.2009). Plaintiffs' counsel represents that the total expenses to date, as referenced herein, include those incurred for filing fees, court reporter fees for the depositions taken, and the costs of ordering each of the six transcripts of the depositions taken in this case. Moreover, the case has been pending since June of 2014, and Plaintiffs' counsel estimates that he has expended no less than 65 hours in litigating this case. The amount to be paid for attorneys' fees and expenses is in reasonable proportion to the amounts to be paid to Plaintiffs.

> **c. The settlement agreement contains no terms that could be considered in contravention of the legislative purpose of the FLSA.**

Finally, the settlement agreement should be approved because it contains no terms that the parties believe the Court will deem to be in contravention of the legislative purpose of the FLSA. Indeed, the settlement agreement contains no terms that would require the Parties to keep the agreement confidential. Furthermore, to the extent the agreement contains release language, the release is narrowly tailored to those claims that relate to the matters raised in the instant litigation. *See, Monahan* v. *Rehoboth Hosp., Inc.,* No. 6:15-cv-1159-Orl-40KRS, slip op. at 2 (M.D. Fla. Dec. 18, 2015).

### III. Conclusion

Based on the foregoing, the Parties jointly and respectfully request that this Court approve the settlement agreement between the Parties, and dismiss the instant action with prejudice. However, the Court retains jurisdiction to vacate its Order and to reopen this action in the event Defendant defaults in timely making the periodic payments set forth above and as set forth in further detail in Exhibit A and if Defendant fails to cure such default as set forth Exhibit A. In the event of any such default, the Court shall, *instanter*, enter judgment against Defendant for whatever sums are shown by Plaintiffs to be due and owing, with credits for all payments made through that date.

This ~~2~~ day of ~~May~~ August, 2016.

Respectfully submitted by,

/s/ Todd K. Maziar

Todd K. Maziar, Esq.
Counsel for Plaintiffs
GABN: 479860
Morgan & Morgan, P.A.
P.O. Box 57007
Atlanta, GA 30343
Telephone: (404) 965-8811
Facsimile: (404) 720-3864
Email: tmaziar@forthepeople.com

/s/ C. Ryan Morgan

C. Ryan Morgan, Esquire
Counsel for Plaintiffs
GABN: 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com

/s/ Brendan J. McCarthy

Brendan J. McCarthy
Georgia Bar No. 482221
Counsel for Defendants
Andre Blaustein Kill & McCarthy, LLP
One Overton Park, Suite 980
3625 Cumberland Blvd.
Atlanta, GA 30339

11

This is also to certify that, pursuant to L.R. 5.1C, NDGA, the foregoing document was prepared in Times New Roman, 14pt.